CLARENCE E. McMANUS, Judge.
1 ¡.Mary and Robert Donnelly (“the Don-nelly’s”) purchased a home at 2748 Dove Ave. in Marrero, Louisiana in 1977 for $29,100. The Donnelly’s financed $27,900 of the purchase price through a thirty year mortgage with Federal National Mortgage Association (“FNMA”). Mr. Donnelly worked in Harvey, Louisiana at an oil related company as a machinist. The Don-nelly’s lived in the home in Marrero until 1999, when Mr. Donnelly’s employment was terminated because the company he worked for closed. Mr. Donnelly was unsuccessful in locating other employment in the New Orleans area, but then he obtained employment with his sister in Houston, Texas and in April 1999 the Donnelly’s moved to Houston. They first lived with Mr. Donnelly’s sister and then moved into an apartment with their son. Their son eventually moved, but they remained in the apartment. The Donnelly’s contend they intended to return to their home in Marrero and to even retire there.
Upon moving to Houston, the Donnelly’s would return to Marrero on the weekends. *259 Mr. Donnelly claims he sought employment in the area when they returned on the weekends. After about six months, the Donnelly’s visits to .IsMarrero decreased to about once a month, and eventually to once every two to three months. In early 2000, they only returned to their home in Marrero once. The house remained furnished and the utilities stayed on. A neighbor maintained the home when they were in Houston and picked up their mail. From April 1977 until October 2001, the Donnelly’s paid their monthly mortgage payments. However, around October 2001, they stopped making payments. The Donnelly’s contend they stopped making payments because of Mr. Donnelly’s health problems and problems with Mrs. Donnelly’s mother.
FNMA filed a Petition for Executory Process on February 7, 2002 seeking to foreclose on the property. The Jefferson Parish Sheriffs Office received the notices of the seizure of the property from the Clerk’s office on February 22, 2002. The Sheriffs office attempted to serve the Donnelly’s with the notices of seizure numerous times, but was unsuccessful. The notices of seizure were returned to the clerk by the Sheriffs Office on March 4, 2002 noting that the Sheriffs Office was unable to serve after six attempts and the house appeared empty.
On March 27, 2002, FNMA then filed a Motion and Order to Appoint an Attorney at Law as curator for the Donnelly’s. FNMA alleged the Donnelly’s were absentees because their whereabouts were unknown and they could not be located despite diligent efforts. A curator, Juan Labadie, was appointed. Notices of seizure were served on that curator. The curator then placed an ad in City Business magazine in New Orleans on April 22, 2002 seeking the whereabouts of the Donnelly’s. He received no response.
On June 5, 2002, the Donnelly’s home in Marrero was auctioned at a judicial sale and sold to SESR Investments for $26,000. That amount included the $10,000 balance on the mortgage, the Sheriffs commission, costs and attorney fees. SESR then sold the property to Laurie and Charles Guidry for $89,500.
|/The Donnelly’s then filed a Petition for Recission and/or Damages on June 4, 2003, seeking recission of the judicial sale of the property and/or damages. They named FNMA, SESR Investments, Inc., and Laurie and Charles Guidry as defendants. SESR Investments had purchased the property at the judicial sale and subsequently sold the property to the Guidry’s. The Donnelly’s alleged that they were not “absentees” under LSA C.C.P. art. 5251(1), and, therefore, the trial court incorrectly appointed a curator to represent them pursuant to LSA C.C.P. art. 2674(1). They sought recission of the sale, or $76,471.24 in damages, representing the fair market value of the home, $93,000, minus $16,528.76, the amount of the outstanding loan balance, plus costs, attorney fees, and sheriffs commissions.
The Guidry’s filed a Peremptory Exception of No Cause of Action. FNMA filed an Exception of No Cause/No Right of Action and an Exception of Vagueness along with its answer to the petition. Finally, SESR filed a Peremptory Exception of No Cause/No Right of Action. On October 14, 2003, the trial court issued a judgment granting the Exception of No Cause of Action regarding the Donnelly’s request for attorney fees, overruling the Exception of Vagueness, and overruling the Exception of No Cause of Action regarding the absentee issue. On October 16, 2003, the parties entered into a Consent Judgment sustaining the Exception of No Cause of Action by SESR and the Guidry’s and dismissing them from the action with prej *260 udice, but reserving the Donnelly’s rights against FNMA. FNMA filed a motion for summary judgment on October 29, 2003, and the trial court denied the motion on March 4, 2004.
Trial was held on July 7, 2004. The trial court issued a judgment on August 12, 2004 in favor of FNMA, dismissing the Donnelly’s claims with prejudice. The trial court held that a curator was properly appointed and that the Donnelly’s were “absentees” because they departed Louisiana and did not appoint an agent for | fjService of process. The trial court also found that the Donnelly’s were absentees because they could not be found and served after a diligent effort.
For the reasons which follow, we agree with the trial court and affirm the judgment in favor of FNMA, dismissing all claims of the Donnelly’s.

DISCUSSION

LSA C.C.P. art. 2674(1) provides that a curator may be appointed when the defendants are absentees. “Absentee” is defined in LSA C.C.P. art. 5251(1) as:
... a person who is either a nonresident of this state, or a person who is domiciled in that but has departed from this state, and who had not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of .his death is not known, and if dead his heirs are unknown.
FNMA argued that the Donnelly’s were domiciled in Louisiana, but had departed from the state and failed to appoint an agent for service of process. FNMA also argued that the Donnelly’s were absentees whose whereabouts were unknown and who could not be located after a diligent effort.
The Donnelly’s argue their departure was only temporary and they intended to return one day. ' The trial court found that there absence from Louisiana was not temporary. They lived in Houston for five years, as of the date of trial, had no definite date when they might return to Louisiana, and they had only returned for one weekend from January to July 2002. The Donnelly’s did not appoint an agent for service of process and failed to notify FNMA of their address change.
We agree and find that the Donnelly’s were absentees under LSA C.C.P. art. 5251(1) and, therefore, the trial court correctly appointed a curator pursuant to LSA C.C.P. art. 2674. The Donnelly’s were domiciled in Louisiana and still maintained the home in Marrero and still received mail at that location. However, |fiwe find they had departed Louisiana and failed to appoint an agent for service of process. We find they had departed Louisiana because Mr. Donnelly had accepted employment out of state and they were living out of state for five years, as of the date of trial, or three years, as of the date of the institution of the foreclosure proceedings. The Donnelly’s did not have their mail forwarded to them, but did obtain Texas drivers licenses and Texas license plate tags for their car. About a year after moving to Texas, they had their phone service cut off and no forwarding number was arranged. They only returned to Marrero one weekend in 2002. Based on the above, we find the Donnelly’s were absentees because they had departed Louisiana and failed to provide an agent for service of process in this State.
We also agree with the trial court and find that the Donnelly’s were absen *261 tees because their whereabouts were unknown and they could not be found after a diligent effort. The Donnelly’s did not contact FNMA, or any other creditor, to inform them that they had moved to Texas and to provide new contact information. No forwarding telephone number was left after their phone was disconnected and them mail was not being forwarded to a Texas address. A computer database search was performed by the law firm representing FNMA, but that search turned up no information. Therefore, we find that the Donnelly’s whereabouts were unknown and FNMA exhibited diligent efforts to locate them. Thus, they were absentees under LSA C.C.P. art. 5251(1).
Finally, we find the trial court correctly appointed a curator to represent the Don-nelly’s pursuant to LSA C.C.P. art. 2674. According to that statute, a court shall appoint an attorney to represent the unrepresented defendant in an executory process when the defendant is an absentee. As discussed above, we find the |7Donnelly’s to be absentees, therefore, the trial court correctly appointed an attorney to represent them.
In accordance with the above, we affirm the trial court’s judgment finding the Don-nelly’s to be absentees and agree with the trial court’s appointment of a curator to represent the Donnelly’s. We find the trial court correctly found in favor of FNMA and dismissed all claims filed by the Donnelly’s.

AFFIRMED.